IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **MOVITA MORRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action, Case No.: 5:21-cv-62-TBR |
| v. ) | |
| ) | **JURY DEMAND** |
| **TIG, INC. d/b/a KIDS KARE LONE OAK, KY,** ) | |
| ) | |
| **Defendant.** ) | |

# COMPLAINT

COMES NOW the Plaintiff, Movita Morris, by and through her undersigned counsel, and for her Complaint states as follows:

## NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the Commonwealth of Kentucky and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq*.

## THE PARTIES

2. Ms. Morris is a resident of Paducah, McCracken County, Kentucky who was, at all relevant times, a Black employee of Defendant TIG, Inc. d/b/a Kids Kare Lone Oak, KY.

3. Defendant TIG, Inc. is a Kentucky corporation doing business as Kids Kare Lone Oak, KY with its principal office at 369 West 5th Street, Benton, KY 42025. Defendant's registered agent for service of process is Pam Thompson, who may be served at 369 West 5th Street, Benton, KY 42025.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Ms. Morris's federal claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, because it raises a federal question pursuant to 29 U.S.C § 1331. The Court also has supplemental jurisdiction over Ms. Morris's state-law claim pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Morris in McCracken County, Kentucky, which is located within this judicial district.

6. Ms. Morris filed a timely charge of discrimination with the Equal Employment Opportunity Commission with respect to her claim pursuant to Title VII of the Civil Rights Act of 1964, a copy of which is attached hereto as Exhibit A. Ms. Morris received a Notice of Right to Sue from the EEOC with respect to her federal claim set forth below less than ninety days prior to the filing of this Complaint. A copy of Ms. Morris's Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Defendant is one of several child development centers that are nominally separately incorporated but share common ownership and control.

8. Defendant provides childcare and child development services.

9. Ms. Morris began working within Defendant's corporate umbrella in 2018 at a West Park Village location before she transferred to Defendant TIG's Lone Oak location in January 2019.

10. Ms. Morris was a part-time employee who gave breaks to full-time staff members, got kids off busses, ran certain classes, closed the facility, and provided other help as needed.

11. Though primarily located at Defendant TIG's Lone Oak location, Ms. Morris also worked at other locations as needed.

12. While she was employed with Defendant, Ms. Morris was able to enroll in classes to earn an Associate's Degree in Child Development, which required being employed for at least twenty hours per week at a child development center.

13. Ms. Morris performed her job competently at all times.

14. Ms. Morris had no problems on the job until Defendant hired a new director in the fall of 2019.

15. The new director, who was White, made racial statements in the workplace, telling one employee that she and her family did not mix with other races.

16. Another employee made complaints to Defendant's owners about that issue and other problems with the new director, but Defendant took no disciplinary action.

17. Soon thereafter, Defendant cut Ms. Morris's hours, but did not cut the hours of any other employees.

18. The director told Ms. Morris that Defendant's owners had instructed her to reduce the workforce and it made the most sense to reduce the hours of a part-time employee.

19. Ms. Morris was not the only part-time employee, but she was the only one whose hours were reduced.

20. The following week, Defendant terminated Ms. Morris.

21. The new director again told Ms. Morris that the owners had directed her to cut back on payroll, but Defendant did not terminate any other employees and, instead, advertised that it needed additional staff.

22. Ms. Morris was Defendant's only Black employee.

23. Ms. Morris was unable to continue her college program when she lost her employment with Defendant since relevant employment was a requirement for the program.

24. Defendant's disparate treatment of Ms. Morris was because of her race.

25. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

26. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Ms. Morris has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT

27. Ms. Morris realleges and incorporates herein the allegations contained in Paragraphs 1 – 26.

28. Defendant cut Ms. Morris's hours and terminated her because of her race.

29. Defendant's actions alleged herein constitute discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

30. Ms. Morris's race was a motivating factor in Defendant's treatment of her.

31. Defendant's actions on the basis of Ms. Morris's race were willful and knowingly committed.

32. As a direct and proximate result of Defendant's adverse treatment of Ms. Morris in violation of the Title VII of the Civil Rights Act of 1964, Ms. Morris was injured and suffered damages.

33. Ms. Morris has sustained a loss of back pay, benefits, incidental expenses, and front pay.

34. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Ms. Morris's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

35. Ms. Morris realleges and incorporates herein the allegations contained in Paragraphs 1 – 34.

36. Defendant's adverse actions against Ms. Morris based on her race constitute illegal discrimination in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq*.

37. As a result of Defendant's conduct, Ms. Morris suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this case;

3. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation she has suffered from the date of Defendant's actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That Defendant be ordered to pay punitive damages pursuant to Count I in an amount to be determined at trial;

6. That the Plaintiff be awarded additional compensatory damages pursuant to Counts I – II, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

7. That costs and discretionary costs be taxed against Defendant;

8. That costs and attorney's fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k) and Ky. Rev. Stat. § 344.450;

9. That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

10. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger_____
D. Wes Sullenger,   KY BAR # 91861
                   TN BPR # 021714
                   IL ARDC # 6322019

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY  42003
Voice:  (270) 443-9401

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Movita Morris*

7